**ORDERED.**

Dated: February 18, 2025

_Tiffany P. Geyer_
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

THOMAS ROOFING AND REPAIR, INC.

Debtor.
_____/

Case No.: 6:24-bk-05788-TPG

Chapter 11, Subchapter V

ORDER (1) CONFIRMING CHAPTER 11 SUBCHAPTER V
PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. §§ 1129(a)
AND 1191 (a) AND SETTING POST-CONFIRMATION STATUS CONFERENCE

This case came on for hearing on February 6, 2025 of the Chapter 11 Small Business Subchapter v Plan of Reorganization (Doc. No 46) and the Proposed Chapter 11 Plan Clarifications as requested by the U.S. Trustee (Doc. No 69).

On December 26, 2024 the Court entered the *Order Scheduling (I) Evidentiary Hearing of Confirmation of Plan of Reorganization; (II) Deadlines with Respect to Confirmation and (III) Deadlines for Filing Administrative Expense Applications* (Doc. No 47), which – among other things – fixed a deadline of January 30, 2025 (the "Objection Deadline") for filing objections to confirmation and ballots accepting or rejecting the Plan. No objections to confirmation were filed by the established Objection Deadline or stated at the Hearing.

Prior to the Hearing, Debtor filed its proposed Exhibit List with attached Exhibits in support of confirmation (Doc. No 73) (the "Exhibits"), which Exhibits included:

- Exhibit 1 – Exhibit List
- Exhibit 2 – Chapter 11 Plan of Reorganization (Doc. No 46)
- Exhibit 3 – feasibility analysis (Doc. 46, Ex B)
- Exhibit 4 – liquidation analysis (Doc 46, Ex A)
- Exhibit 5 – ballot tabulation (Doc. 70)
- Exhibit 6 – confirmation statement (Doc. 71)
- Exhibit 7 – Plan clarifications as requested by US Trustee (Doc. 69)
- Exhibit 8 – feasibility analysis clarification as requested by US Trustee (Doc. 72)

At the Hearing, the Court admitted each of the Exhibits without objection.

Upon review and consideration of the Plan, the Exhibits, the Motion, the presentation and statements of counsel present at the Hearing, and for reasons stated orally and recorded in open court, the Court finds and determines that the requirements of 11 U.S. C. §§ 1129 and 1191(a) of the Bankruptcy Code have been satisfied.

Accordingly, it is ORDERED as follows:

1. The Plan (Doc. No 46) is CONFIRMED consensually pursuant to 11 U.S.C. §§ 1129(a) and 1191(a). If there is a discrepancy between the Plan (DE 46) and the Plan clarifications (DE 69), the Plan Clarifications control. If there is a discrepancy between the Plan, the Plan Clarifications and this Order, this Order controls.

2. The Debtor is granted a discharge under Section 1141(d)(1)(A).

3. The Debtor is authorized and directed to execute all agreements and undertake the actions contemplated by the Plan, which the Court finds is a reasonable and appropriate

use of the Debtor's business judgment under the circumstances of this case and maximizes recoveries for all creditors. Pursuant to 11 U.S.C. § 1194 all payments and distributions required under the Plan shall be made by the Debtor (as applicable).

4. The Debtor is named as Disbursing Agent and must make all payments to holders of allowed claims as provided by the Plan.

5. Within (3) business days of the Effective Date, Debtors shall file (or cause the filing of) a Notice of Effective Date with service on all interested parties.

6. Any counterparty to an executory contract or unexpired lease, which was not assumed, is directed to file any claim for rejection damages within thirty (30) days from the entry of the Confirmation Order.

7. Debtors shall file all objections to claims (if any) within ninety (90) days after the Effective Date of the Plan; provided, however the Debtor may seek any extension of this deadline for cause.

8. In the event the Debtor is unable to comply with the provisions of Local Rule 3022-1, the Debtor shall file a report within ninety (90) days from the date of this Order of Confirmation, setting the progress made in consummating the Plan. The report shall include: (1) a statement of distribution by class, name of creditor, date of distribution, and amount paid; (2) a statement of transfer of property; and (3) a statement of affirmation that the Debtors have substantially complied with the provisions of the confirmed Plan.

9. The Debtor's case will remain open until entry of a final decree. While the case remains open, and in accordance with the terms of the Plan, Debtor shall continue to file

quarterly post-confirmation operating reports.  The Debtor's obligation to file quarterly post-confirmation operating reports is terminated upon the entry of the Final Decree.

10. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan (including, without limitation, actions as to those matters contemplated by the Plan) and pursuant to the Order of Confirmation, specifically including, but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the transfer of assets or property of the Debtor, including any questions relating to any sums of money, services or property due to the Debtor; to hear and determine any matter concerning enforcement or interpretation of the Plan; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.  To the extent necessary, the Reorganized Debtor shall cooperate and provide the Subchapter V Trustee the information necessary to ensure the plan is being complied with.  The Subchapter V Trustee may file applications for compensation for services rendered during the course of the monitoring the case following entry of this Order.

11. **A Post-Confirmation Status Conference has been scheduled before the Honorable Tiffany Geyer for May 8, 2025 at 2:00 p.m. at the George C. Young United States Courthouse, 400 West Washington Street, 6th Floor, Courtroom 6A, Orlando, Florida 32801.**

###

Attorney, L. Todd Budgen, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of the entry of the order.

# EXHIBIT 1

Approximate distribution schedule

| | |
|---|---|
| Class 1 | SBA - $1,317.07/month |
| Class 2 | Ally Bank – $591.26/month |
| Class 3 | Unsecured - pro rata $3,957.00 quarterly |
| Class 4 | No distributions – Equity holders |
| Class 5 | Fairwinds Credit Union – $746.00/month |
| Class 6 | Fairwinds Credit Union – $751.00/month |
| Class 7 | Fairwinds Credit Union - $780.00/month |
| Class 8 | Fairwinds Credit Union - $760.00/month |
| Class 9 | TD Bank - $678.18/month |
| Class 10 | US Bank - $884.00/month |
| Administrative | Paid upon agreement between parties |
| Quarterly Trustee Fees | N/A |